J-S38045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHNSON N. PORKA | : | |
| | : | |
| Appellant | : | No. 1668 EDA 2023 |

Appeal from the PCRA Order Entered November 15, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002393-2016

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JANUARY 7, 2025**

Johnson N. Porka appeals[1] from the November 15, 2023 order granting,

in part, and denying, in part, his amended petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.   After careful

review, we affirm.

The PCRA court summarized the relevant facts and procedural history

of this case as follows:

> In 2016, Appellant who was employed as a residential
> living staff member at the Elwyn Institute, was
> arrested and charged with[,] *inter alia*[,] rape of a

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the "from the Judgment rendered by the Honorable Richard M. Cappelli on May 26, 2023."  However, for the reasons explained more fully below, Appellant's appeal properly lies from the November 15, 2023 order granting, in part, and denying, in part, his PCRA petition.  We have amended the caption accordingly.

mentally disabled person for his involvement in a sexual assault of adult[, M.S. (hereinafter "victim")] (39 years), who was an autistic, non-verbal resident patient with an estimated intelligence of a three-year-old. Following a jury trial, on May 11, 2017 Appellant was found guilty of the criminal offenses rape of a mentally disabled person, 18 Pa.C.S.[A.] § 3121(a)(5), sexual assault, 18 Pa.C.S.[A.] § 3124.1, and institutional sexual assault, 18 Pa.C.S.[A.] § 3124.2(a). As a result, on February 12, 2018 the [trial] court imposed judgment of sentence for rape of a mentally disabled person to confinement in a state correctional institution for a minimum of 72 months to a maximum of 144 months, and for institutional sexual assault to a minimum term of 12 months to a maximum of 36 months to run consecutively. The sexual assault conviction merged with the rape of a mentally disabled person conviction for purposes of sentencing. The aggregate sentence was a minimum term of 84 months and a maximum term of 180 months.

On October 28, 2019[,] Superior Court of Pennsylvania affirmed Appellant's judgment of [sentence]. On May 4, 2020, the Supreme Court of Pennsylvania denied Appellant's petition for allowance of Appeal[.] [*See Commonwealth v. Porka*, 222 A.3d 875 (Pa.Super. 2019), *appeal denied*, 231 A.3d 771 (Pa. 2020).]

On April 27, 2021 Appellant filed a [PCRA] petition. On August 20, 2021 the Commonwealth filed an answer in opposition to Appellant's petition. On May 3, 2022 Appellant filed an amended PCRA petition. On November 14, 2022 an evidentiary hearing was held. On February 2, 2023, the Commonwealth filed a motion to dismiss Appellant's PCRA petition and on March 28, 2023 the Commonwealth filed an amended motion to dismiss the PCRA petition.

Following consideration of the November 14, 2022 hearing and all the filings submitted by the parties, including the Commonwealth's March 28, 2023 amended motion to dismiss in which the

Commonwealth requested the court to grant relief concerning the issue of charges to the jury, this court determined although the evidence at trial was overwhelming to support Appellant's convictions, Appellant nonetheless proved by a preponderance of the evidence the claim trial counsel was ineffective when he failed to request jury instructions for the sexual assault and institutional sexual assault criminal offenses. As a result, on May 26, 2023 this court at a dispositional hearing concerning Appellant's [] claims raised in the PCRA petition and amended petition and the PCRA filings, granted in part and denied in part Appellant's PCRA petitions: this court ordered judgment of conviction and judgment of sentence for the sexual assault and institutional sexual assault charges be vacated; additionally this court ordered the judgment of sentence for the remaining conviction for rape of a mentally disabled person be vacated, and scheduled a resentencing hearing for August 2, 2023; the resentencing hearing was continued to November 17, 2023; the court did not enter a written order concerning the disposition.

PCRA court opinion, 2/15/24 at 1-3 (extraneous capitalization omitted; citation formatting amended).

On June 21, 2023, Appellant filed a notice of appeal "from the Judgment rendered by the Honorable Richard M. Cappelli on May 26, 2023." There is no indication in the trial court docket, however, that an appealable order was entered on May 26, 2023. The record reflects that on May 26, 2023, the PCRA court granted Appellant sentencing relief and dismissed all of his other PCRA claims. *See* Pa.R.A.P. 341(f)(2) ("An order granting sentencing relief, but denying, dismissing, or otherwise disposing of all other claims within a petition for post-conviction collateral relief, shall constitute a final order for purposes of appeal."). However, the PCRA court did not memorialize the May 26, 2023

- 3 -

PCRA decision in a written order or enter it on the trial court docket. **See** Pa.R.A.P. 301(a)(1) (providing that "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court."); Pa.R.A.P. 301(b) ("Every order shall be set forth on a separate document.").

On November 8, 2023, a panel of this Court entered an order directing the PCRA court to enter an order from the May 26, 2023 PCRA hearing on the trial court docket. **Per Curiam** order, 11/8/23 at 1-2. Furthermore, the PCRA court was directed to send both a copy of the order and a copy of the trial court docket evidencing the entry of the order on the docket to the Prothonotary of this Court. **Id.** at 2. This Court's order further provided that the instant appeal shall be treated as filed on the date the PCRA court enters the order. **Id.**; **see also** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Thus, on November 15, 2023, the PCRA court entered an order granting, in part, and denying, in part, Appellant's PCRA petition. As noted, Appellant's appeal properly lies from this order. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.[2]

Appellant raises the following issues for our review:

---

[2] The record reflects that on November 17, 2023, Appellant was resentenced to 66 to 132 months' imprisonment for rape of a mentally disabled person. It does not appear that Appellant filed a notice of appeal from the November 17, 2023 judgment of sentence.

- 4 -

1        Whether the [PCRA court] erred or abused its discretion in not granting the PCRA petition alleging that Appellant's conviction and sentence resulted from the ineffective assistance of counsel which, in the circumstances of this particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place[?] Specifically, counsel was ineffective in:

a.      Failing to make a specific and timely objection to the expert testimony of Coleen Hunt when she was not qualified as an expert in regard to the medical and bruising testimony that she offered to the jury as well as impermissible medical opinions that she rendered without the proper foundation.

b.      Trial counsel advised Appellant not to testify and to tell the court that he did not want to testify and that it was [Appellant's] decision. Counsel advised Appellant that "the court got nothing on you, I took care of everything."

c.      Counsel failed to consult with Appellant during trial and after the verdict.

d.      Counsel failed to disclose his ongoing personal and disciplinary problems which impacted his representation and rendered his representation constitutionally deficient.

Appellant's brief at 8.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*,

102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

All of Appellant's claims challenge the ineffectiveness of his trial counsel. To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014).

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

*Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (internal quotation marks omitted; some brackets in original), citing 42 Pa.C.S.A. § 9543(a)(2)(ii).

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Following our thorough review of the record, including the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude that Appellant's claims on appeal warrant no relief. The PCRA court's comprehensive, 22-page opinion addressed each of Appellant's issues and concluded that they were without merit. We find that the PCRA court's conclusions are supported by competent evidence and are clearly free of legal error. Specifically, we agree with the PCRA court that trial counsel was not ineffective for failing to object to the testimony of Coleen Hunt because Appellant failed to demonstrate that counsel's inaction prejudiced him. PCRA court opinion, 2/15/23 at 9-11. We also agree with the PCRA court that trial counsel was not ineffective with regard to Appellant's right to testify, as the record demonstrates that, *inter alia*, he voluntarily waived this right after sufficient consultation with counsel. *Id.* at 12-15. We further agree that Appellant's claim that his counsel was ineffective by failing to consult with him during trial and after the verdict is meritless, as the record demonstrates that

counsel visited Appellant between four and six times at prison prior to trial; and that "counsel was replaced by new counsel well in advance of [the] February 2, 2018 sentencing hearing." *Id.* at 15-17. Lastly, we agree with the PCRA court's determination that trial counsel's unrelated personal and professional problems did not negatively impact his representation of Appellant. *Id.* at 18-19.

Accordingly, we adopt the comprehensive and well-reasoned February 15, 2024 opinion of the Honorable Richard M. Cappelli as our own for purposes of this appellate review. We hereby direct the parties to attach the trial court opinion to this Memorandum in all future proceedings.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/7/2025

2_Opinion dated 2/19/2024 09:32 PM
2-15-2024

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA
## CRIMINAL

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : No. CP-23-CR-2393-2016 |
| | : |
| **v.** | : **1668 EDA 2023** |
| | : |
| **JOHNSON PORKA** | : |

**Catherine Kiefer, Esquire, Attorney for the Commonwealth**
**Colin R. Hueston, Esquire, Attorney for Appellant**

## OPINION

**CAPPELLI, J.**                                            **February 15, 2024**

Appellant appeals the November 15, 2023 order denying in part the claims raised in the April 27, 2021 Petition for Post Conviction Collateral Relief and May 3, 2022 Amended Petition for Post Conviction Collateral Relief. This appeal should be dismissed.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 2016, Appellant who was employed as a residential living staff member at the Elwyn Institute, was arrested and charged with *inter alia* Rape of a Mentally Disabled Person for his involvement in a sexual assault of adult Victim Michelle Smith (39 years), who was an autistic, non-verbal resident patient with an estimated intelligence of a three-year-old. Following a jury trial, on May 11, 2017 Appellant was found guilty of the criminal offenses Rape of a Mentally Disabled

Person, 18 Pa.C.S. § 3121(a)(5), Sexual Assault, 18 Pa.C.S. § 3124.1, and Institutional Sexual Assault, 18 Pa.C.S. §3124.2(a). As a result, on February 12, 2018 the court imposed judgment of sentence for Rape of a Mentally Disabled Person to confinement in a State Correctional Institution for a minimum of 72 months to a maximum of 144 months, and for Institutional Sexual Assault to a minimum term of 12 months to a maximum of 36 months to run consecutively. The Sexual Assault conviction merged with the Rape of a Mentally Disabled Person conviction for purposes of sentencing. The aggregate sentence was a minimum term of 84 months and a maximum term of 180 months.

On October 28, 2019 Superior Court of Pennsylvania affirmed Appellant's judgment of conviction 1208 EDA 2018. On May 4, 2020, the Supreme Court of Pennsylvania denied Appellant's Petition for Allowance of Appeal 737 MAL 2019.

On April 27, 2021 Appellant filed a Post Conviction Relief Act Petition. On August 20, 2021 the Commonwealth filed an Answer in Opposition to Appellant's Petition. On May 3, 2022 Appellant filed an Amended PCRA Petition. On November 14, 2022 an evidentiary hearing was held. On February 2, 2023 the Commonwealth filed a Motion to Dismiss Appellant's PCRA Petition and on March 28, 2023 the Commonwealth filed an Amended Motion to Dismiss the PCRA petition.

Following consideration of the November 14, 2022 hearing and all the filings submitted by the parties, including the Commonwealth's March 28, 2023 Amended Motion to Dismiss in which the Commonwealth requested the court to grant relief concerning the issue of charges to the jury, this court determined although the evidence at trial was overwhelming to support Appellant's convictions, Appellant nonetheless proved by a preponderance of the evidence the claim trial counsel was ineffective when he failed to request jury instructions for the sexual assault and institutional sexual assault criminal offenses. As a result, on May 26, 2023 this court at a dispositional hearing concerning Appellant's the claims raised in the PCRA petition and amended petition and the PCRA filings, granted in part and denied in part Appellant's PCRA petitions: this court ordered judgment of conviction and judgment of sentence for the sexual assault and institutional sexual assault charges be vacated; additionally this court ordered the judgment of sentence for the remaining conviction for rape of a mentally disabled person be vacated, and scheduled a resentencing hearing for August 2, 2023; the resentencing hearing was continued to November 17, 2023; the court did not enter a written order concerning the disposition.

On June 21, 2023 Appellant filed a Notice of Appeal. On August 28, 2023 and October 20, 2023 this court requested an extension to file the opinion until Appellant's resentencing hearing was held. On November 8, 2023 Superior Court

3

ordered this court to enter on the trial court docket an order from the May 26, 2023 PCRA hearing and directed "the instant appeal shall be treated as filed on the date the PCRA court enters the order". On November 15, 2023 this court filed the order and on November 17, 2023 this court imposed judgment of sentence on Appellant for the Rape of a Mentally Disabled Person to confinement in a State Correctional Institution for a minimum term of 66 months to a maximum term of 132 months; this new minimum term for the Rape of a Mentally Disabled Person is 6 months lower than the original minimum term for the conviction and the new maximum is 12 months less than the origin maximum; in addition, the new aggregate minimum term is 18 months lower than the original February 2, 2018 minimum term and the new maximum term is 48 months lower than the original maximum term.

On December 20, 2023 Appellant filed a Concise Statement of Errors Complained of on Appeal in which he raised the following issues:

1. Whether the Court erred or abused its discretion in not granting the PCRA petition alleging that Appellant's conviction and sentence resulted from the ineffective assistance of counsel which, in the circumstances of this particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. Specifically, it is alleged that counsel was ineffective in:

    a. Failing to make a specific and timely objection to the expert testimony of Coleen Hunt when she was not qualified as an expert in regard to the medical and bruising testimony that she offered to the jury as well as impermissible medical opinions that she rendered without the proper foundation;

4

b. Trial Counsel advised Petitioner not to testify and to tell the court that he did not want to testify and that it was Petitioner's decision. Counsel advised Petitioner that "the court got nothing on you, I took care of everything";

c. Counsel failed to consult with Petitioner during trial and after the verdict;

d. Counsel failed to disclose his ongoing personal and disciplinary problems which impacted his representation and rendered his representation constitutionally deficient.

2. Did the court err or abuse its discretion in, having found that trial counsel was ineffective in certain parts of the trial, as set forth in the November 15, 2023 Order, but finding that counsel was not ineffective in the other allegations presented when the record is clear that the trial was tainted by counsel's ineffectiveness which was exacerbated by counsel's ineffectiveness and other personal problems during the trial.

## II. DISCUSSION

***The November 15, 2023 order dismissing in part Appellant's PCRA petition is supported by the record and free of legal error.***

Article 1 § 9 of the Pennsylvania Constitution and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution guarantee the accused a fair trial. Time and time again, and in accordance with the repeated holdings of the U.S. Supreme Court, the courts in Pennsylvania have held this entitles a defendant to a fair trial but does not entitle a defendant to a perfect trial. *Brown v. United States*, 411 U.S. 223 (1973); *Bruton v. United States*, 391 U.S. 123 (1968); *Luton v. United States*, 344 U.S. 604 (1953). *Commonwealth v. Hernandez*, 230 A.3d 480

5

(Pa. Super. 2020); *Commonwealth v. Ligon*, 206 A.3d 515 (Pa. Super. 2019); *Commonwealth v. Lawrence*, 165 A.3d 34 (Pa. Super. 2017); *Commonwealth v. Laird*, 119 A.3d 972 (Pa. 2015); *Commonwealth v. Wright*, 961 A.2d 119 (Pa. 2008); *Commonwealth v. Robinson*, 877 A.2d 433 (Pa. 2005). In the present case, Appellant received both a fair and imperfect trial, and the face of overwhelming evidence against Appellant, a jury found him guilty.

In an appeal following an order disposing of PCRA claims, the standard of review is whether the determination of the PCRA court is supported by evidence of record and free of legal error. *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the post-conviction relief court level. *Commonwealth v. Henkel*, 90 A.3d 16 (Pa. Super. 2014). The PCRA court's credibility determinations, when supported by the record, are binding; however, Superior Court applies a *de novo* standard of review to the PCRA legal conclusions. *Commonwealth v. Johnson*, 966 A.2d 523 (Pa. 2009). Applying the scope and standard to the November 15, 2023 order disposing of Appellant's PCRA claims, the evidence of the record viewed in the light most favorable to the Commonwealth, the prevailing party at the PCRA

level for the claims appealed by Appellant, supports the determination made by the PCRA court and is free of legal error.

### A. The Court did not err or abuse discretion when it denied in part the PCRA petition claims alleging trial counsel's ineffectiveness.

The PCRA provides collateral relief for persons convicted of crimes they did not commit and persons serving illegal sentences, and it is limited in scope. 42 Pa.C.S. § 9541 *et seq*. The PCRA absolutely is not a conduit for providing unhappy defendants with a complete do-over. The PCRA precludes relief for claims raised and decided on direct appeal and waived claims, and an appeal from the dismissal of a PCRA petition addresses only issues raised in the PCRA petition. *See* 42 Pa.C.S. §§ 9543(a)(3) and 9544.

The standard of review used by the PCRA court is whether a petitioner seeking relief has established by a preponderance of the evidence the error so undermined "the truth determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S § 9532(a)(2)(i).

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate by a preponderance of the evidence: the claims are of arguable merit; counsel had no reasonable basis for his action(s) and/or omission(s) in question; and counsel's actions and/or inactions prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). Counsel is presumed effective and it is Petitioner's burden to prove counsel provided ineffective assistance; ineffective

7

assistance of counsel must be the cause of the prejudice to defendant. *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

In this instance, following thorough review and consideration of the claims Appellant raised in the PCRA petition and amended PCRA petition, and consideration of the Commonwealth's filings, this court concluded Appellant 1) proved by a preponderance of the evidence under *Strickland* and *Pierce* trial counsel was ineffective for failing to request the court charge the jury on the charges of sexual assault and institutional sexual assault, and 2) established by a preponderance of the evidence the error so undermined "the truth determining process that no reliable adjudication of guilt or innocence could have taken place". This court also determined Appellant did not prove by a preponderance of the evidence the other allegations concerning trial counsel ineffectiveness raised by Appellant in the PCRA petition and amended PCRA petition. As a result of these determinations, this court provided substantial relief in the form of two vacated convictions and a reduced sentence for the remaining conviction of rape of a mentally disabled person. The evidence of record supports this outcome and is free of legal error.

*1. Appellant did not prove by a preponderance of the evidence counsel was ineffective for failing to make a specific and timely objection to the expert testimony of Coleen Hunt.*

Appellant alleges this court erred when it dismissed Appellant's claim trial counsel was ineffective "in failing to make a specific and timely objection to the expert testimony of Coleen Hunt, R.N. when she was not qualified as an expert in regard to the medical and bruising testimony she offered to the jury as well as impermissible medical opinions she rendered without the proper foundation".

Under the PCRA, Appellant by a preponderance of the evidence must satisfy each of the three prongs of the ineffectiveness test required in *Strickland*, and if Appellant fails to satisfy any one of the prongs, the claim of ineffectiveness fails. The October 28, 2019 Superior Court decision in the direct appeal recognizes "appellant did not object contemporaneously at trial to Ms. Hunt providing what he has characterized as 'expert testimony' on the specific grounds that Ms. Hunt was exceeding the scope of her competency to testify" and Appellant did not preserve the claim for consideration on direct appeal. Superior Court opinion at 8-9.

Appellant also in the PCRA filings and during the evidentiary hearing continued characterizing the nature of Witness Hunt's testimony as "expert testimony", and Appellant continued to allege trial counsel was ineffective for failing to object to the testimony on the specific grounds Witnesses Hunt was exceeding the scope of her competency to testify. During the evidentiary hearing,

9

trial counsel testified although he thought the testimony presented by Witness Hunt was expert testimony, he did not file a Motion in Limine to preclude her testimony. November 14, 2022 Notes of Testimony at 15. Trial counsel also testified he failed to object to her testimony, he probably should have objected, and "it was a big mistake" and "I should have objected period". Id. at 15-16. Trial counsel also recalled Appellant did not have money so he couldn't find anyone to hire to contradict Witness Hunt's testimony. Id. at 16. Trial counsel testified if could have, he "would have taken the ability of the Commonwealth to take Ms. Hunt's testimony in the record, all through the Supreme Court". Id. at 20. Trial counsel testified he believes he should have objected to the testimony of Witness Hunt, especially concerning the bruising testimony and the absence of DNA. Id at 28-30. Trial counsel recognized many of the things Witness Hunt testified to were corroborated by another witness who was qualified as an expert. Id. at 34-36.

Having presided over the jury trial in this case, and having considered the PCRA filings, and the testimony from the evidentiary hearings, the question for this court's determination is whether trial counsel's failure to object is tantamount to ineffectiveness under *Strickland* and *Pierce*, *i.e.*, was counsel ineffective to not assert the grounds witness hunt was testifying improperly as an expert. To prove ineffectiveness, Appellant must show prejudice: there is a reasonable probability,

10

but for counsel's unprofessional errors, the result of the proceeding would have been different.

This court presided over Appellant's jury trial and the PCRA proceedings. In recollecting the case and reviewing the record, this court recalled the October 22, 2018 trial court opinion discussing the expert testimony of witness Coleen Hunt, R.N. The opinion states "the Trial Court concluded the Nurse Hunt had the requisite knowledge and skills to qualify as an expert under Pa.R.E. 702, based on her expertise in sexual assault examination which qualified her to discuss vaginal bruising and clinical presentation of Michelle Smith that were signs and symptoms consistent with sexual assault, rape and DNA testing". October 22, 2018 Trial Court Opinion at p. 9. The trial court also concluded "Appellant did not suffer any prejudice". Id. at 10. The October 28, 2019 Superior Court opinion affirmed. Additionally, the fact remains another witness, qualified as an expert, corroborated the testimony of Witness Hunt.

Having recalled and recollected the trial, and specifically the testimony of Witness Hunt, this court confirms its earlier conclusion concerning her expertise, and reiterates even if the court been confronted with objections by counsel concerning medical and bruising testimony and the medical opinions she rendered, these objections would have been denied. As a result, this court properly concluded, notwithstanding trial counsel's admitted failure to object to the

11

testimony of Witness Hunt, Appellant did not show prejudice and did not prove by a preponderance of the evidence counsel's failure to object to Witness Hunt's testimony prejudiced the defendant.

### 2. Appellant did not prove by a preponderance of the evidence trial counsel was ineffective concerning the advice to Appellant about testifying.

Appellant claims this court erred and abused discretion in not finding trial counsel ineffective concerning the allegation trial counsel advised Appellant "not to testify and to tell the court that he did not want to testify and that it was Petitioner's decision" and for advising Petitioner "the court got nothing on you, I took care of everything".

The Pennsylvania Constitution provides the right to a defendant to testify in a criminal case. "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel". Pa. Const. Art. 1 §9. The ultimate decision to waive the right to testify is the defendant's and should be made after consulting with counsel. However, the trial court need not conduct a colloquy to determine whether the defendant's of the right to testify if knowing intelligent and voluntary. If counsel's advice regarding the right is incompetent, the defendant may be entitled to a new trial. *Commonwealth v. Washington*, 269 A.3d 1255 (Pa. Super. 2022). A defendant bears the burden of his decision and cannot shift the blame to counsel if counsel's advice is competent. *Commonwealth v. Harper*, 614 A.2d 1180 (Pa.

12

Super. 1992). In order to support a claim a claim counsel was ineffective in refusing to call the defendant to the stand, the defendant must show counsel interfered with the right to testify, or gave unreasonable advice to the degree the knowing and intelligent aspect of the decision is vitiated. Importantly, when a defendant waives the right to testify following a colloquy, the defendant generally cannot argue trial counsel was ineffective in failing to call the defendant to the stand. *Commonwealth v. Rigg*, 84 A.3d 1080 (Pa. Super. 2014). Counsel is not ineffective when a defendant admits the trial court informed him of his right to testify and when counsel had a reasonable basis for the decision not to call the defendant. *Commonwealth v. Whitney*, 708 A.2d 471 (Pa. 1998).

During the November 14, 2022 evidentiary hearing, trial counsel testified he probably discussed with Appellant the right to testify. November 14, 2022 at p. 12. Trial counsel denied Appellant's allegation counsel stated, "Court got nothing on you, I took care of everything", concerning going to trial and Appellant's decision to testify. Id. at 13. Trial counsel stated he "probably advised him not to testify" and "I would have explained to him that that was something he was going to have to tell the court." Id. Trial counsel testified his recollection about Defendant "was that he had a very thick accent from a foreign country, and I regularly would tell people who had accents and sounded like they were from foreign countries, that testifying in this particular county was going to be problematic in front of a jury".

13

Id. Trial counsel testified if defendant had demanded to testify specifically, he would have said "have at it. That's your choice". Id. at 14. Trial counsel also testified Appellant's version of events was very different than the Commonwealth's. Id. On cross examination, trial counsel further explained Appellant's allegation concerning "The court's got nothing on you, I took care of everything" are not words he would have used but he would have said something like 1) in his professional opinion something there's not enough evidence to convince 12 people, 2) in sexual assault cases the decision to testify can put you in an odd position, and in sex cases it's horrible, and 3) if Appellant was adamant about testifying he would have let him. Id. at 37, 38. Additionally, trial counsel reminded the court Appellant had given a statement to police in which he "admitted to being in the room with the victim in order to sleep or rest, but not to assaulting her", but because he did not testify, he was not subject to cross examination on the statement and did not have to explain his statement. Id at 38-40.

Additionally, Appellant testified he did not get a chance to speak with counsel about testifying but counsel told him Judge Cappelli was going to ask questions about his decision. Id. at 55. Appellant testified he told the court he did not want to testify based on what counsel advised. Id. at 56-57. Appellant testified the reason he wanted to testify is because how would the jury know what

14

happened. Id. at 56. Appellant during trial was questioned on the record by counsel concerning his right to testify and his waiver of the right. Id. at 64-68. Moreover, Appellant testified and agreed the court during trial, on May 11, 2017, clearly explained Appellant's rights concerning the decision to testify, he stated he did not want to testify, and he did not tell court he wanted to testify. Id. at 68-69.

Having considered this allegation raised by Appellant, and having listened to the testimony at the evidentiary hearing from both trial counsel and Appellant, including the facts 1) on the record, both trial counsel and the court confirmed Appellant understood his right to testify, 2) trial counsel had a reasonable basis to not call Appellant to testify, and 3) Appellant did not tell the court he wanted to testify, this court determined Appellant did not satisfy the burden of proving by a preponderance of the evidence trial counsel was ineffective for his advice concerning Appellant's right to testify.

### 3. Appellant did not prove by a preponderance of the evidence trial counsel was ineffective for allegedly failing to consult with Petitioner during trial and after the verdict.

Appellant claims trial counsel failed to consult with him during trial and after the verdict. The courts in Pennsylvania have made clear a trial counsel is *per se* ineffective for failing to meet with his client in person before trial. *Commonwealth v. Brooks*, 839 A.2d 245 (Pa. 2003).

15

During the November 14, 2022 evidentiary hearing, trial counsel testified he visited Appellant three or four times at the Delaware County Prison before trial. Id. at 11. Trial counsel testified during the trial, he would have gone to the underground to go talk to defendant in the holding cell area, and although he did not have a specific recollection of doing this, he testified he probably did. Id. at 14. Trial counsel further testified he has no recollection of Appellant asking him to consult with him at lunch or after the court. Id. at 14. Trial counsel reported he no longer has his case file and he does not have any record of communication with defendant during the time of his representation. Id at 11, 16. Trial counsel testified when he was practicing, he often visited his clients who were in jail. During pretrial consultations, Appellant asked him to file bail motions, and he filed two of them, counsel investigated the case, and subpoenaed records from Elwyn, filed motions including Rule 600 and a motion to have Elwyn provide documents; he conducted a site inspection and he was very good at discovery matters. Id. at 22-27.

Appellant testified trial counsel saw him before trial a few times at the prison, five or six times. Id. at 51. Appellant also testified after the trial he never saw counsel. Id. at 57. Appellant stated counsel did not discuss reports from file, witnesses, police officers, medical testimony; and counsel never said "you're going to win the case" at 57. Appellant testified during the trial he asked counsel to visit

16

him but he didn't show up and after the trial he never visited to tell Appellant why he was convicted. Id. at 59.

On May 11, 2017 the jury trial concluded resulting in Appellant's judgment of conviction, and this court entered February 2, 2018 judgment of sentence. In between these two dates, on August 7, 2017 the Public Defender was appointed to represent Appellant, and on August 28, 2017 private counsel Colin Hueston, Esquire, who presently represents Appellant, entered appearance.

In view of the testimony from the evidentiary hearing, in particular 1) the testimony of both trial counsel and Appellant concerning their meetings and consultations at the prison before trial, 2) the evidence of record showing the motions trial counsel filed and other work he accomplished in the case, and 2) counsel's testimony he normally would visit client's in the holding cell at the courthouse and even though he did not have a specific recollection of doing this, he probably did, this court concluded Appellant did not satisfy the *Strickland* test for ineffectiveness. Additionally, this court concluded, in view of the fact trial counsel was replaced by new counsel well in advance of Appellant's February 2, 2018 sentencing hearing, Appellant's allegation trial counsel was ineffective for not visiting him following the guilty verdict Appellant did not satisfy *Strickland*.

17

***4. Appellant did not prove by a preponderance of the evidence trial counsel was ineffective for failing to disclose personal and professional problems.***

Appellant claims trial counsel was ineffective for his failure to disclose his ongoing personal and disciplinary problems which impacted his representation and rendered his representation constitutionally deficient, and relies on *United States v. Cronic*, 466 U.S. 648 (1984) (in limited circumstances, when there has been an actual or constructive denial of counsel due to counsel's failure, prejudice may be presumed).

A lawyer's personal problems, without more, cannot be the basis for a finding of ineffectiveness and general, undeveloped claims are not sufficient. *Commonwealth v. Jones*, 815 A.2d 598 (Pa. 2002). Additionally, the Superior Court of Pennsylvania rejects a *per se* finding of prejudice when an attorney is suspended after his representation of a defendant. *Commonwealth v. Allen*, 48 A.3d 1283 (Pa. Super. 2012).

During the evidentiary hearing, trial counsel testified he had depression when he was representing Appellant. November 14, 2022 Notes of Testimony at p. 7. Trial counsel stated at the time of this case he was in a relationship with a girlfriend who had mental health issues and substance abuse issues. Id. at 7-8. He was experiencing financial issues. Id. at 8. He testified all of this impacted his work and had an impact on his representation of Appellant and he wasn't on his

18

game. Id. at 8-9, 19. He did not share information concerning the Disciplinary Board investigation or personal problems with Appellant. Id. at 9. He confirmed he no longer has his case file. Id. at 11. Trial counsel testified he was disciplined but not for poor trial performance. Id. at 42, 43. Trial counsel testified he thinks there is a difference between adequate and effective and he was adequate, not effective. Id. at 45. Trial counsel testified he never told Appellant he was having problems in his profession as a lawyer, and in his personal life until after the trial. Id. at 57.

This court considered there is no requirement for an attorney to disclose matters of a personal nature to a client and there is no requirement for an attorney to disclose matters concerning unrelated professional problems, including disciplinary investigations. Additionally, this court determined Appellant did not show trial counsel's personal and disciplinary problems caused him prejudice and resulted in ineffectiveness. This court considered Appellant's allegation and counsel's testimony, and reviewed the record of this case, and concluded Appellant did not prove by a preponderance of the evidence trial counsel was ineffective and did not show trial counsel's performance cause prejudice or was impacted by the unrelated personal and professional problems.

### B. The trial court did not err or abuse discretion in determining counsel was ineffective concerning some of Appellant's allegations.

Petitioner claims the trial court erred or abused discretion "in, having found that trial counsel was ineffective in certain parts of the trial, as set forth in the

19

November 15, 2023 Order, but finding that counsel was not ineffective in the other allegations presented when the record is clear that the trial was tainted by counsel's ineffectiveness which was exacerbated by counsel's ineffectiveness and other personal problems during the trial".

A defendant is not necessarily entitled to relief simply because of imperfections in the trial, so long as he has been accorded a fair trial. *Commonwealth v. Wright*, 961 A.2d 119 (Pa. 2008). A defendant is entitled to a fair trial but not a perfect one and the harmless error doctrine reflects this reality. *Commonwealth v. Newman*, 99 A3d 86 (Pa. Super. 2014). Not all error at trial entitles defendant to a new trial. *Commonwealth v. Moseley*, 114 A3d 1072 (Pa. Super. 2015).

This court, having considered the PCRA related filings in this case, and reviewed the evidence of record, and recollected the trial proceedings, determined although it is quite possible for counsel to have made mistakes during trial, this does not mean the ineffectiveness test is satisfied. Additionally, this court recognizes a defendant is guaranteed a fair trial but not a perfect trial without mistakes.

This court applied the *Strickland* test to each of the separate ineffectiveness issues raised by Petitioner, and concluded Appellant satisfied the *Strickland* test concerning the allegation of trial counsel's ineffectiveness for failing to request a

20

jury instruction, but not on his other claims. This court remedied trial counsel's ineffectiveness for the claim concerning the failure to request jury instructions of the charges of sexual assault and institutional sexual assault by 1) vacating the judgment of conviction for sexual assault and institutional sexual assault, 2) entirely vacating judgment of sentence, and 3) imposing a modified judgment of sentence upon Appellant.

## III. CONCLUSION

Following a thorough review of the claims raised in Appellant's PCRA petition and amended PCRA petition, this court concluded 1) Appellant proved by a preponderance of the evidence trial counsel was ineffective concerning his failure to request specific jury instructions for the criminal offenses Sexual Assault and Institutional Sexual Assault, and 2) Appellant did not prove by a preponderance of the evidence the other allegations of trial counsel's ineffectiveness concerning Witness Hunt, Appellant's right to testify, the failure to consult with Appellant, and the failure to disclose personal and professional problems. Applying the scope and standard of review to the November 15, 2023 order granting in part and dismissing in part Appellant's PCRA petitions, the evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party at the PCRA

21

level, supports the determination of the PCRA court and is free of legal error.

Appellant's appeal should be dismissed.

BY THE COURT:

RICHARD M. CAPPELLI, J.

cc: Catherine Kiefer, Esquire, Chief, Law and Appeal Unit, Office of the District Attorney (via email)
Colin R. Hueston, Esquire, Attorney for Defendant (via email)

22